## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR | |
| PLAINTIFF, | Civil Action No. |
| *v.* | |
| LOCAL 1700, AMALGAMATED TRANSIT UNION, AFL-CIO | |
| DEFENDANT. | |

## <u>COMPLAINT</u>

Plaintiff Julie A. Su, Acting Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.  This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481–83, for a judgment declaring that the December 1, 2022, election conducted by Defendant Local 1700, Amalgamated Transit Union (ATU), for the offices of president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president is void; directing Defendant to conduct a new election for those offices under Plaintiff's supervision; and awarding other appropriate relief.

## PARTIES

2.  Plaintiff Julie A. Su is the duly appointed Acting Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the LMRDA, 29 U.S.C. § 482(b).

3.  Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the LMRDA, 29 U.S.C. §§ 402(i), (j), 481(b). Defendant maintains its principal office at 3295 River Exchange Drive, Norcross, GA 30092.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

5.  Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## EXHAUSTION OF OTHER REMEDIES

6.  Defendant conducted an election of officers on December 1, 2022, and this election was subject to the provisions of Title IV of the LMRDA, 29 U.S.C. §§ 481–83.

7.  By letter dated December 6, 2022, to Defendant's financial-secretary treasurer, Herman Green Sr., a Local 1700 member in good standing, filed an internal election protest.

8.  By letter dated December 6, 2022, to Defendant's financial-secretary treasurer, Louis Little, a Local 1700 member in good standing, filed an internal election protest.

9.  By undated letter sent on December 8, 2022, to Defendant's financial-secretary treasurer, Gregory Smith, a Local 1700 member in good standing, filed an internal election protest.

10. By separate letters to Green, Little, and Smith, (complainants) each dated January 3, 2023, Defendant's executive board denied all three election protests.

11. One or more of the election protests were submitted to Local 1700 members in each region to be voted on at membership meetings held on February 13, February 15, February 27, and March 2, 2023.

12. As of March 31, 2023, Defendant had not notified complainants of the results of the membership votes on their election protests.

13. Having invoked the remedies available for three calendar months

without receiving a final decision, Green filed a timely complaint with the Secretary on March 14, 2023, within the one calendar month required by section 402(a)(2) of the LMRDA. 29 U.S.C. § 482(a)(2).

14. Having invoked the remedies available for three calendar months without receiving a final decision, Smith filed a timely complaint with the Secretary on March 17, 2023, within the one calendar month required by section 402(a)(2) of the LMRDA. 29 U.S.C. § 482(a)(2).

15. Having invoked the remedies available for three calendar months without receiving a final decision, Little filed a timely complaint with the Secretary on March 31, 2023, within the one calendar month required by section 402(a)(2) of the LMRDA. 29 U.S.C. § 482(a)(2).

16. Pursuant to section 601 of the LMRDA, 29 U.S.C. § 521, and in accordance with section 402(b) of the LMRDA, 29 U.S.C. § 482(b), Plaintiff investigated the complaints and found probable cause that violations of Title IV of the LMRDA, 29 U.S.C. §§ 481–83, occurred that have not been remedied and that may have affected the outcome of Defendant's December 1, 2022, election. That investigation serves as the basis for the averments in this Complaint.

17. By letter signed April 11, 2023, Defendant agreed that the time within

4

which Plaintiff may bring suit with respect to Defendant's election of officers be extended to May 30, 2023.

18. By letter signed May 2, 2023, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's election of officers be extended to June 23, 2023.

19. By letter signed June 2, 2023, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's election of officers be extended to July 24, 2023.

20. By letter signed June 24, 2023, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's election of officers be extended to September 8, 2023.

## FACTUAL ALLEGATIONS

21. Defendant represents all bus drivers employed by Greyhound Lines, Inc. (Greyhound), in all territories in the United States.

22. All Greyhound bus drivers are required to have a commercial driver's license with passenger endorsement, to complete a one-week training class, to complete 100 hours of drive time, to pass a final road test, and to pass a physical and drug screening.

23. Greyhound's training classes begin every other week.

24. Greyhound's training, road test, drive time, and screening can be completed in approximately three to four weeks.

25. Individuals who complete the training, road test, drive time, and screening are certified to drive a bus and are considered hired by Greyhound.

26. Once certified, Greyhound bus drivers are made available for assignments from the "extra board," a list of additional, temporary routes that are not assigned to regular drivers.

27. Section 21.3 of the Constitution & General Laws of the Amalgamated Transit Union (ATU Constitution), titled "Membership Application," states as follows, in relevant part: "Any eligible employee working within the jurisdiction of the ATU who desires to become a member of any LU [local union] of the ATU must fill out the regular application blank . . . and sign the same. The application must be presented with the initiation fee or such part thereof as the LU may require."

28. Section 21.6 of the ATU Constitution, titled "Membership in Good Standing," states as follows, in relevant part: "The member must have submitted an application in accordance with Section 21.3 and either have paid dues and

initiation fees in whole or in part or have authorized payroll deductions for such.

Such member shall then be in good standing and shall be obligated into

membership . . . ."

29. Article XI, section 2 of the Bylaws of ATU National Local Union 1700

states as follows, in relevant part: "An initiation fee of $300 will be paid by all

applicants for membership. The initiation fee will be reduced to $100 for new

applicants who apply for membership at driver training schools or at times

established by the Local but not later than 31 days from the date of

employment."

30. During each initial one-week Greyhound bus driver training,

Defendant's representatives such as regional vice presidents provide

presentations to the trainees about joining the union.

31. Defendant's representatives distribute to the trainees membership cards

that contain both an application for union membership and a dues deduction

authorization form.

32. Defendant's representatives collect the completed membership cards

and mail them to Defendant's financial secretary-treasurer.

33. Defendant's financial secretary-treasurer scans and emails the

completed membership cards to Greyhound's payroll department to begin dues deduction in the pay period during which trainees are subsequently hired.

34. Immediately after the completion of each one-week driver training class, Greyhound sends Defendant's president and financial secretary-treasurer a list of the individuals who completed the training.

35. Every Monday, Greyhound sends Defendant's president and financial secretary-treasurer a list of all drivers, including new hires.

36. Every Wednesday, Greyhound sends Defendant's president and financial secretary-treasurer a dues checkoff list.

37. Every month, Greyhound sends Defendant's president and financial secretary-treasurer a "head count" list and an "employee change report."

38. The duties of Defendant's financial secretary-treasurer include maintaining and updating Defendant's membership list.

39. It is Defendant's financial secretary-treasurer's responsibility to input the information from completed membership cards into the electronic membership directory.

40. In practice, Defendant's financial secretary-treasurer does not add driver trainees to Defendant's membership list when he receives their completed

membership cards.

41. Defendant's financial secretary-treasurer waits until union dues are being deducted from new Greyhound bus drivers' paychecks, or later, before he adds them to the membership list.

42. During Plaintiff's investigation, Plaintiff found in Defendant's records a U.S. Postal Service envelope mailed to Defendant's financial secretary-treasurer by Defendant's east region vice president on October 15, 2022, with an expected delivery date of October 22, 2022.

43. The envelope contained ten completed membership cards, all signed and dated October 15, 2022.

44. At least three of the individuals who submitted membership cards contained in the envelope were hired as Greyhound bus drivers the following month.

45. Two of the individuals were added to the extra board on November 7, 2022, and a third was added to the extra board on November 8, 2022.

46. As of December 1, 2022, Defendant had not added any of those three individuals to its membership list.

47. Defendant's regular, periodic election of officers was held on December

1, 2022, by mail ballot.

48. Members in good standing are eligible to vote in Defendant's officer elections.

49. In a letter to Defendant dated August 24, 2007, then–ATU international president Warren George provided the following interpretation of "membership in good standing": "Unique considerations come into play, of course, where membership cards are obtained from individuals prior to their formal employment as we understand is typically the case at Greyhound. For purposes of Local 1700 officer elections, an individual that signs a membership card and dues authorization form prior to his or her official employment by Greyhound will be considered a member in good standing, with the right to nominate candidates, and cast a ballot, once the individual in question has successfully completed the company's new hire program and has been assigned to the Extra Board."

50. Greyhound bus drivers who apply for union membership during driver training become members in good standing, eligible to vote in Defendant's officer elections, on the date they appear on the extra board.

51. Defendant's election committee adopted rules for Defendant's 2022

officer election.

52. Defendant's 2022 election rules were provided to candidates on or around October 28, 2022.

53. The election rules were not otherwise provided to Defendant's members.

54. The former international president's interpretation of "membership in good standing" quoted in complaint paragraph 49, above, was reproduced in the election rules.

55. Paragraph 14 of the election rules, titled "Voter Eligibility," contained the following statement applicable to Greyhound drivers: "New members who have signed up for dues check-off are considered to be in good standing once they are posted to the Extra Board and are shown as available for work."

56. Paragraph 14 of the election rules also contained the following statements regarding members to whom ballots would be mailed:

a. "A ballot will be mailed to every person who is a member in good standing of ATU Local 1700 as of October 31, 2022 (dues must be paid through October 31, 2022)."

b. "The Election Committee will compile a list of all members in

good standing when ballots are mailed on November 10, 2022."

57. On September 19, 2022, Defendant mailed a combined nomination-election notice to members.

58. The former international president's interpretation of "membership in good standing" quoted in complaint paragraph 34, above, was reproduced in the nomination-election notice.

59. The nomination-election notice stated that ballots would be mailed to members on November 10, 2022, and due in the designated post office box on December 1, 2022.

60. The nomination-election notice did not specify any date by which an individual had to become a member in good standing in order to be mailed a ballot on November 10, 2022.

61. The nomination-election notice contained the following directions for requesting a "duplicate" ballot: "If you do not receive your ballot by November 18, 2022, lose or spoil your ballot, please contact Election Supervisor Sherrie E. Voyles at [phone number] or via email at [email address] and request a duplicate ballot."

62. The nomination-election notice contained the following description of

voter eligibility: "To be eligible to vote, a member must be in good standing as of December 1, 2022. . . . New members who have signed up for dues check-off are considered to be in good standing once they are posted to the Extraboard and shown as available for work."

63. The nomination-election notice was mailed to individuals who appeared on Defendant's membership list as of September 15, 2022.

64. The nomination-election notice was posted on Defendant's website.

65. Defendant's election committee and election officer did not direct shop stewards or other representatives to post copies of the nomination-election notice at work locations.

66. Copies of the nomination-election notice were not posted at all Greyhound bus drivers' work locations.

67. Some of Defendant's new members did not see the nomination-election notice posted on Defendant's website.

68. Some of Defendant's new members did not see the nomination-election notice posted at any work locations.

69. Some of Defendant's new members were unaware that an election was going on.

70. Some of Defendant's new members did not know how to request a ballot or otherwise participate in the election.

71. Some of Defendant's new members mistakenly believed that they were ineligible to vote.

72. Some of Defendant's new members were incorrectly informed during driver training that they were not able to join the union until 90 days after they were added to the extra board.

73. On November 10, 2022, the Hensley Company, Defendant's election vendor, mailed ballot packages to members.

74. Ballot packages were mailed to individuals who appeared on Defendant's membership list as of October 27, 2022.

75. Each of the letters from Defendant's executive board to complainants Green and Little dated January 3, 2023, stated as follows: "[A]s to new members who were not eligible members as of the November 11th mailing date [sic] but later become members, there is no provision in the Union's bylaws to automatically send new members ballots. Rather, as stated in the Notice of Election, any new member who contacted Sherrie Voyles for a ballot was sent one as requested."

76. Defendant received a total of 5 ballot requests from new members who were not initially mailed ballots.

77. Ballots were tallied on December 1, 2022.

78. Defendant provided election tellers with the dues checkoff list as of November 25, 2022, to use as the voter eligibility list at the ballot tally.

79. Before counting the ballots, Defendant's election committee verified that each ballot was from a member who appeared on the voter eligibility list.

80. The results of the officer races as recounted by Plaintiff during her investigation were as follows:

     a. President: Karen Miller 123; Gregory Smith 115; Bert Byrd 82; Karl J. Cook 4.

     b. Executive vice president: Deihlia Fiedtkou 82; Dana Hurt 64; Troy Johnson Sr. 63; Louis Little 63; Roger P. Smith 50.

     c. Financial secretary-treasurer: Sammie Howard 131; Carvel J. Bennett 92; Hoddon L. Patrick Jr. 53; Robin McNeil 49.

     d. East region vice president: Michael Rodriguez 70; Herman Green Sr. 28.

     e. West region vice president: Leonard Weaver 42; Reginald

Evans 25.

    f.  Central region vice president: Berlon Robinson 66; Dwayne Franklin 51.

81. The largest margin in any officer race was 42 votes in the race for east region vice president.

82. At least 60 individuals who were members in good standing prior to the ballot mailing date of November 10, 2022, did not receive notice of the election and were not mailed ballots.

    a. Forty-two of the 60 individuals were members in good standing as of October 31, 2022. See Exhibit A, which is incorporated into paragraph 82.

    b. An additional 18 became members in good standing prior to November 10, 2022. See Exhibit B, which is incorporated into paragraph 82.

83. At least 42 individuals who were members in good standing as of December 1, 2022, were not added to the voter eligibility list used at the ballot tally. See Exhibit C, which is incorporated into this paragraph.

    a. Of those 42 individuals, 12 became members in good standing

after the ballots were mailed on November 10, 2022, and therefore

do not overlap with the members referred to in paragraph 82.

b. Of those 42 individuals, 30 became members in good standing

before the ballots were mailed on November 10, 2022, and therefore

overlap with the members referred to in paragraph 82.

84. At the ballot tally on December 1, 2022, Defendant did not count ballots voted by individuals who did not appear on the voter eligibility list.

85. None of the 72 unique members referred to in paragraphs 82 and 83 requested ballots.

86. None of the 72 unique members referred to in paragraphs 82 and 83 voted.

## FIRST CAUSE OF ACTION

87. Section 401(e) of the LMRDA provides that "not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address." 29 U.S.C. § 481(e).

88. In a mail ballot election, the ballots may provide sufficient notice of the election if they are mailed to members "no later than fifteen days prior to the date when they must be mailed back in order to be counted." 29 C.F.R. § 452.102.

89. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it failed to mail notice of the election to at least 60 individuals who became members in good standing prior to the ballot mailing on November 10, 2022.

90. This violation "may have affected the outcome of the election" for president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president within the meaning of the LMRDA. 29 U.S.C. § 482(c)(2).

## SECOND CAUSE OF ACTION

91. Section 401(e) of the LMRDA provides that "[e]ach member in good standing shall be entitled to one vote." 29 U.S.C. § 481(e).

92. Defendant deprived new members of the right to vote in violation of section 401(e) of the LMRDA, 29 U.S.C. § 481(e), when it failed to mail ballots to at least 60 individuals who became members in good standing prior to the ballot mailing on November 10, 2022.

93. This violation "may have affected the outcome of the election" for president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president within the meaning of the LMRDA. 29 U.S.C. § 482(c)(2).

**THIRD CAUSE OF ACTION**

94. Defendant further deprived new members of the right to vote in violation of section 401(e) of the LMRDA, 29 U.S.C. § 481(e), when it failed to add at least 42 individuals who were members in good standing as of December 1, 2022, to the voter eligibility list used at the ballot tally.

95. This violation "may have affected the outcome of the election" for president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president within the meaning of the LMRDA. 29 U.S.C. § 482(c)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant:

a. declaring Defendant's election for the offices of president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president to be void;

b. directing Defendant to conduct a new election, including new nominations, for those offices under Plaintiff's supervision;

c. awarding Plaintiff the costs of this action; and

d. awarding Plaintiff such other and further relief as the Court

deems just and appropriate.

This 8th day of August, 2023.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000  fax (404) 581-6181*

/S/ NEELI BEN-DAVID
*Assistant United States Attorney*
Georgia Bar No. 049788
Neeli.Ben-David@usdoj.gov

**OF COUNSEL:**

SEEMA NANDA
Solicitor of Labor
U.S. Department of Labor

BEVERLY DANKOWITZ
Associate Solicitor
U.S. Department of Labor

JEFFREY LUPARDO

Counsel for Labor-Management and Civil Rights Enforcement
U.S. Department of Labor

ANNA LAURA BENNETT
Senior Attorney
U.S. Department of Labor

# Exhibit A

Exhibit A.  Members in Good Standing as of 10/31/22 Who Were Not Mailed Ballots

|  | Member's Name | Date Membership Card Signed | Date Hired by Greyhound |
|---|---|---|---|
| 1. | CIERRA ADEPU | 09/17/22 | 10/31/22 |
| 2. | TERRY ALLEN | 09/16/22 | 10/13/22 |
| 3. | CHARLES BURKE | 09/16/22 | 10/14/22 |
| 4. | KEITH CARTER | 09/01/22 | 09/21/22 |
| 5. | SUANTE COLEMAN | 09/16/22 | 10/07/22 |
| 6. | DUNJUAN DILLARD | 09/30/22 | 10/28/22 |
| 7. | KELLEE DUNCAN | 09/16/22 | 10/06/22 |
| 8. | LOUIS ECHEVARRIA | 10/01/22 | 10/24/22 |
| 9. | SHAVONNIA EDWARDS | 09/30/22 | 10/21/22 |
| 10. | TEKEL EVANS | 09/01/22 | 09/19/22 |
| 11. | AUDRIAN HARDY | 11/25/22 | 01/03/22 |
| 12. | DEMETRIUS HARRIS | 09/17/22 | 10/27/22 |
| 13. | FLOR HERNANDEZ | 07/17/22 | 09/15/22 |
| 14. | LAJUANA HODGE | 09/02/22 | 09/29/22 |
| 15. | ERICA HOLLINS | 09/01/22 | 09/23/22 |
| 16. | SAGE HOPKINS | 09/01/22 | 03/26/12 |
| 17. | ARTHUR JACKSON | 09/01/22 | 09/19/22 |
| 18. | CHANITA JOHNSON | 08/08/22 | 09/08/22 |
| 19. | MICHELLE JONES | 09/30/22 | 10/24/22 |
| 20. | BRANDI JONES | 09/01/22 | 09/22/22 |
| 21. | CASSTA JONES | 09/01/22 | 09/21/22 |
| 22. | ADAM KOECKE | 09/16/22 | 10/10/22 |
| 23. | MATHEW LEBEAUX | 08/19/22 | 09/14/22 |
| 24. | BRUCE LEE | 08/19/22 | 09/12/22 |
| 25. | MARIO LOPEZ CASTILLO | 07/17/22 | 08/05/22 |
| 26. | RICARDO LOYA ORTIZ | 09/16/22 | 10/10/22 |
| 27. | JODI MALONE | 09/30/22 | 10/19/22 |
| 28. | KAVIN MATTOX | 09/01/22 | 09/22/22 |
| 29. | MARY MCDANIEL | 09/17/22 | 10/10/22 |
| 30. | KENYA MCFARLIN | 09/02/22 | 09/26/22 |
| 31. | JAMES MURRAY | 08/08/22 | 09/06/22 |
| 32. | BRANDON NIEVES | 09/17/22 | 10/28/22 |
| 33. | RAYMOND PARADISE | 09/23/22 | Not provided[*] |
| 34. | KEMESHA PRENDERGAST | 09/16/22 | 10/14/22 |
| 35. | LATOYA SANDERS | 09/16/22 | 10/10/22 |
| 36. | DERRICK SAUNDERS | 09/17/22 | 10/10/22 |
| 37. | JERLYN SMACK | 05/30/22 | 06/01/22 |
| 38. | STEVEN SMITH | 09/30/22 | 10/18/22 |
| 39. | ZAHIR SMITH | 10/01/22 | 10/27/22 |
| 40. | DONALD TEMPLE | 08/19/22 | 09/09/22 |
| 41. | LARRY THOMPSON | 09/16/22 | 10/12/22 |
| 42. | CHARESE WILLIAMSON | 09/02/22 | 09/25/22 |

[*] Defendant's records indicate that Paradise was enrolled in the union effective 11/01/22, establishing that he was hired by Greyhound prior to that date.

# Exhibit B

Exhibit B.  Additional Members in Good Standing as of 11/10/22 Who Were Not Mailed Ballots

| | **Member's Name** | **Date Membership Card Signed** | **Date Hired by Greyhound** |
|---|---|---|---|
| 1. | TIMOTHY       CLARK | 10/15/22 | 11/07/22 |
| 2. | SHANE         CLEMENT | 10/15/22 | 11/07/22 |
| 3. | BRIANNA       DE LA HUERTA | 10/15/22 | 11/04/22 |
| 4. | PAMELA        GLOVER | 10/15/22 | 11/03/22 |
| 5. | YANA          GOODING | 10/01/22 | 11/01/22 |
| 6. | MIGUEL        GUILLEN | 10/15/22 | 11/07/22 |
| 7. | KAREN         HART | 10/15/22 | 11/07/22 |
| 8. | CRAIG         HILL | 10/15/22 | 11/04/22 |
| 9. | HAMICE        JAMES | 10/15/22 | 11/03/22 |
| 10. | MICHAEL      KELLER | 10/01/22 | 11/03/22 |
| 11. | ERIC         LEWIS | 10/01/22 | 11/01/22 |
| 12. | JOHN         MANKIN | 10/15/22 | 11/06/22 |
| 13. | DAYNON       MARTIN | 10/15/22 | 11/08/22 |
| 14. | GENARO       ORTIZ | 10/15/22 | 11/07/22 |
| 15. | PATRICK      ROBERSON | 10/15/22 | 11/02/22 |
| 16. | SHAYLA       SMITH | 10/15/22 | 11/07/22 |
| 17. | DAVID        SWEAT | 10/15/22 | 11/07/22 |
| 18. | RADIANCE     WOODRUFF | 10/15/22 | 11/03/22 |

# Exhibit C

Exhibit C.  Members Not Added to the Voter Eligibility List

| | Member's Name* | | Date Membership Card Signed | Date Hired by Greyhound |
|---|---|---|---|---|
| 1. | KENNYRAY | AINSLEY-GILBERT | 10/29/22 | 11/18/22 |
| 2. | TERRY | ALLEN | 09/16/22 | 10/13/22 |
| 3. | EDWARD | BAILEY | 10/29/22 | 11/22/22 |
| 4. | LAKESHIA | BROWN | 10/29/22 | 11/21/22 |
| 5. | TARRICK | BROWN | 10/27/22 | 11/22/22 |
| 6. | CHARLES | BURKE | 09/16/22 | 10/14/22 |
| 7. | TIMOTHY | CLARK | 10/15/22 | 11/07/22 |
| 8. | SHANE | CLEMENT | 10/15/22 | 11/07/22 |
| 9. | SUANTE | COLEMAN | 09/16/22 | 10/07/22 |
| 10. | BRIANNA | DE LA HUERTA | 10/15/22 | 11/04/22 |
| 11. | DUNJUAN | DILLARD | 09/30/22 | 10/28/22 |
| 12. | SHAVONNIA | EDWARDS | 09/30/22 | 10/21/22 |
| 13. | VALJEAN | GIBSON | 10/29/22 | 11/21/22 |
| 14. | PAMELA | GLOVER | 10/15/22 | 11/03/22 |
| 15. | YANA | GOODING | 10/01/22 | 11/01/22 |
| 16. | MIGUEL | GUILLEN | 10/15/22 | 11/07/22 |
| 17. | POSHA | HAMPTON | 10/27/22 | 11/15/22 |
| 18. | AUDRIAN | HARDY | 11/25/22 | 01/03/22 |
| 19. | KAREN | HART | 10/15/22 | 11/07/22 |
| 20. | CRAIG | HILL | 10/15/22 | 11/04/22 |
| 21. | HAMICE | JAMES | 10/15/22 | 11/03/22 |
| 22. | CHANITA | JOHNSON | 08/08/22 | 09/08/22 |
| 23. | MICHELLE | JONES | 09/30/22 | 10/24/22 |
| 24. | ADAM | KOECKE | 09/16/22 | 10/10/22 |
| 25. | ERIC | LEWIS | 10/01/22 | 11/01/22 |
| 26. | MARIO | LOPEZ CASTILLO | 07/17/22 | 08/05/22 |
| 27. | JODI | MALONE | 09/30/22 | 10/19/22 |
| 28. | JOHN | MANKIN | 10/15/22 | 11/06/22 |
| 29. | DAYNON | MARTIN | 10/15/22 | 11/08/22 |
| 30. | TIMOTHY | MCCAULEY | 10/27/22 | 11/29/22 |
| 31. | JANIELLE | MCFIELD | 10/27/22 | 11/21/22 |
| 32. | JAMES | MURRAY | 08/08/22 | 09/06/22 |
| 33. | GENARO | ORTIZ | 10/15/22 | 11/07/22 |
| 34. | ELICIA | RADABAUGH | 10/27/22 | 11/21/22 |
| 35. | PATRICK | ROBERSON | 10/15/22 | 11/02/22 |
| 36. | JACOB | SAMPSON | 10/29/22 | 11/21/22 |
| 37. | STEVEN | SMITH | 09/30/22 | 10/18/22 |
| 38. | SHAYLA | SMITH | 10/15/22 | 11/07/22 |
| 39. | DAVID | SWEAT | 10/15/22 | 11/07/22 |
| 40. | ERIC | THORNTON | 10/29/22 | 11/21/22 |
| 41. | PRISCILLA | WILLIAMS | 10/27/22 | 11/21/22 |
| 42. | RADIANCE | WOODRUFF | 10/15/22 | 11/03/22 |

---

* Members whose entries are highlighted in gray also appear in Ex. A or Ex. B.