IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORI CHAVEZ-DEREMER,
Secretary of Labor,
U.S. Department of Labor,

*Plaintiff*,

– *v.* –

LOCAL 1700, AMALGAMATED TRANSIT
UNION, AFL-CIO,

*Defendant*.

Civil Action No.
1:23-cv-4029-MLB

**STIPULATION AND ORDER OF SETTLEMENT**

WHEREAS on September 8, 2023, the Secretary of Labor filed a Complaint alleging that Defendant Amalgamated Transit Union (ATU) Local 1700 violated section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481(e), when it deprived new members of the right to vote in its election conducted in November–December 2022 (hereinafter "2022 election") by failing to mail notice of the election to certain new members, failing to mail ballots to certain new members, and failing to add certain new members to the voter eligibility list;

WHEREAS the Secretary further alleged that such conduct may have affected the outcome of the 2022 election as it relates to all officer positions:

president, executive vice president, financial secretary-treasurer, east region vice president, west region vice president, and central region vice president (hereinafter "affected positions");

WHEREAS Local 1700 has denied that it engaged in any unlawful conduct during the 2022 election.

WHEREAS the parties are interested in avoiding further legal costs and disputes and in fully and expeditiously resolving all claims, including Local 1700 withdrawing any further challenge to the Secretary's allegations and waiving all appeal rights;

THEREFORE, the parties, by and through their undersigned counsel, hereby stipulate to the settlement of this action as follows:

1.      In accordance with 29 U.S.C. § 482(a), the individuals in the affected positions may continue to conduct the affairs of Local 1700 until a new election is completed.

2.      In accordance with 29 U.S.C. § 482(b) and (c), Local 1700 shall conduct, under the supervision of the Secretary, a new election (hereinafter "supervised election") for the affected positions for terms of office ending on December 31, 2028.

3.      Because the supervised election will approximately coincide with Local 1700's regularly scheduled triennial election, Local 1700's

entire 2025 election will be conducted under the supervision of the Secretary.

4.      The parties agree that the supervised election shall be conducted according to a schedule that will be set by the Secretary and that the supervised election shall be concluded on or before December 31, 2025, unless the Secretary in her sole discretion determines that the election should conclude on a later date, but not later than January 30, 2026.

5.      The parties agree that the supervised election shall be conducted in accordance with Title IV of the LMRDA, 29 U.S.C. §§ 481–483, and, insofar as lawful and practicable and except as provided in this Stipulation, in accordance with the ATU constitution and the bylaws of Local 1700.

6.      All decisions as to the interpretation and application of Title IV of the LMRDA, the ATU constitution, and the Local 1700 bylaws relating to the supervised election are to be determined by the Secretary, and her decisions shall be final and binding, subject to review on petition to the Court.

7.      The Court shall retain jurisdiction of this action.  After completion of the supervised election, the Secretary shall certify to the Court the names of the persons so elected, that such election was

conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, in accordance with the ATU constitution and the Local 1700 bylaws.  Upon the Court's receipt and approval of such certification, the Court will enter judgment declaring that such persons have been elected to serve as duly elected officers, as shown by such certification, and then close the case, pursuant to 29 U.S.C. § 482(c).

8.      Nothing in this Stipulation shall limit the Secretary's authority under the LMRDA to conduct the supervised election.

9.      The Secretary and Local 1700 each agree to bear their own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

10.      It is contemplated that the Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

11.      This Stipulation addresses all issues that have been or may be raised with respect to the 2022 election under Title IV of the LMRDA.

SO ORDERED this 16th day of September, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE